# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS·

AT THE JANUARY TERM, A D. 1858.

———————

## GRAY vs. ADAMS.

Where the 'husband wrongfully sells the separate property of the wife, a cause of action accrues to her at the time of the sale and delivery of the property: and in a suit by her for the property, after the death of her husband, the statute of limitations will commence to run against her from the same time, unless she replies the disability.

Where there is no motion for a new trial, nor any ruling of the court as to matters of law, in the progress of the trial, there is nothing legitimately before this court for decision on appeal. (*State Bank vs. Conway*, 13 *Ark.* 344.)

*Appeal from Phillips Circuit Court.*

Hon. WILLIAM E. BUTTS, Special Judge.

PALMER and WATKINS & GALLAGHER for the appellant.

CUMMINS, for the appellee. We insist there is no question

**19**

presented for review in this court, there being a mere exception to finding on issues.    13 *Ark. R.* 344.

Mr. Chief Justice ENGLISH, delivered the opinion of the Court.

Frances C. Gray brought an action of detinue against Charles W. Adams, in the Phillips Circuit Court, for the recovery of a slave.    The defendant interposed the general issue, and nine other pleas.    To some of the special pleas the plaintiff demurred, and the demurrer having been overruled, she took issue to all of the pleas.    The issues were, by consent, submitted to the court sitting as a jury; and upon the evidence introduced by the parties, the finding and judgment were in favor of the defendant.

The plaintiff took a bill of exceptions, setting out all the evidence introduced upon the trial, part of which was a statement of facts agreed upon by the parties; and appealed to this court.

No motion for a new trial was made in the court below, nor does it appear from the bill of exceptions that the Court was asked to declare its opinion as to any matter of law involved in the determination of the issues submitted to it.

The counsel for the appellant have submitted for our consideration, in their brief, seven legal propositions, as to the proper construction of the statutes of Mississippi, in reference to the separate property of married women, which formed part of the evidence introduced upon the trial.    Whether these propositions, or similar ones, were passed upon by the court below, and if so, how it decided them, we cannot know from the record before us.    The court might have found in favor of the defendant, upon the plea of the statute of limitations, without deciding, one way or the other, any of the legal propositions submitted for our consideration by the counsel here.    The defendant pleaded that the cause of action did not accrue to the plaintiff at any time within three years next before the commencement of the suit, to which the plaintiff replied that the cause of action did accrue within three years, etc.

The suit was commenced on the 7th May, 1851. The proof was, that the husband of the plaintiff (by her consent) brought the slave from Mississippi to Arkansas, and sold and delivered him to the defendant on the 4th of April, 1848. If her right to the slave was invaded, the cause of action accrued to her at the time of the sale and delivery of the negro, by her husband, to the defendant. It is true that she was at that time a married woman, and so continued until her husband died, about a year afterwards, but she did not reply this disability, and therefore it could avail her nothing upon the trial. *State Bank vs. Conway,* 13 *Ark.* 344.

We cannot, however, determine whether the evidence supports the finding of the court below or not, because no motion for a new trial was made; and we cannot decide whether the court made any erroneous decision as to matters of law or not, because, as above remarked, we have no certain means of determining what questions of law the court did decide, or how it decided them.

Upon this state of case, there is nothing legitimately before us to decide, as held in *State Bank vs. Conway,* 13 *Ark.* 344, which case has since been adhered to, and therefore the judgment of the Court below must be affirmed.